# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| OLD ORCHARD PROVISIONS, LLC, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | ) No. 2:23-cv-00272-NT<br>) |
| TOWN OF OLD ORCHARD BEACH, | )<br>)<br>) |
| Defendant | ) |

## RECOMMENDED DECISION ON MOTION TO INTERVENE

In this action, Old Orchard Provisions challenges the legality of an ordinance limiting the size of adult use marijuana stores in the Town of Old Orchard Beach. Exit 710, LLC, d/b/a Beach Boys Cannabis Company and Pricilla Rowell move to intervene to defend the ordinance. I conclude that Beach Boys Cannabis has the right to intervene and that Rowell ought to be allowed to intervene. Accordingly, I recommend that the Court grant the motion.

### I. Background

The Town of Old Orchard Beach adopted a zoning and licensing ordinance in November 2021 that authorizes the issuance of a single license to operate an adult use marijuana store in the Town. Complaint (ECF No. 1) ¶¶ 1, 10. In October 2022, the Town Council began considering an amendment to the ordinance that would establish a process for awarding the sole license based on a matrix of merit-based criteria. *Id.* ¶ 11.

1

Around that same time, various individuals—including Rowell and individuals associated with Beach Boys Cannabis—began circulating a petition seeking signatures in support of amending the ordinance to limit the lot and building size of adult use marijuana stores in the Town to half-an-acre and 1,000 square feet, respectively. *Id.* ¶ 12; *see* Motion to Intervene ("Motion") (ECF No. 6) at 5. The purported purpose of the petition was to limit "mega/big box" marijuana stores. Complaint ¶ 12.

The petition received enough signatures that, under the Town's charter, the Town Council either had to enact the amendment or put it to a referendum vote. *Id.* ¶ 15. The Planning Board sent a memorandum to the Town Council recommending that it decline to adopt the proposed amendment because the size limitations might eliminate all competition for the license except for Beach Boys Cannabis. *Id.* ¶¶ 16-17. After a public hearing in December 2022, the Town Council unanimously declined to adopt the proposed amendment and instead set it for a special vote in June 2023. *Id.* ¶ 18.

In January 2023, the Town Council passed its own amendments to the ordinance adopting various merit-based criteria for awarding the sole license and allowing applications for the license to be submitted between March 6, 2023, and March 10, 2023. *Id.* ¶¶ 11, 19. Beach Boys Cannabis and Rowell objected to the Town issuing a license before the referendum on the proposed size limitation amendment and filed an action in the Maine Superior Court (York County) seeking to enjoin the Town from doing so. *Id.* ¶ 20; ECF No. 6-2. Nevertheless, while that action was

pending, Beach Boys Cannabis submitted its application for a proposed 800-square-foot store. *Id.* ¶ 21. Old Orchard Provisions, by contrast, submitted an application for a proposed 3,800-square-foot store. *Id.*

On March 30, 2023, the Superior Court granted Beach Boys Cannabis and Rowell's motion for a preliminary injunction preventing the Town from issuing the adult use marijuana license before the June 2023 referendum. *See id.* ¶ 22; ECF No. 6-2. In the lead-up to the referendum, Beach Boys Cannabis's owners engaged in a campaign in support of the proposed size limit amendment; for example, one owner stated the following in a video posted on social media:

> "I am a third-generation resident of Old Orchard Beach. . . . [T]he other two owners of Beach Boys . . . have both lived and worked here in Old Orchard Beach. Our business currently has five graduates of OOB High School as part of its management team. We are as local as it gets. . . . The vote on Tuesday, June 13th will decide if the Town should have an 800-square-feet boutique run by locals or a 4,000-square-feet megastore across the street from Dunkin Donuts run by a company with a majority of out-of-state ownership. It's as simple as that. If you want to support local, vote yes on 1."

Complaint ¶¶ 23-27.

The referendum to adopt a size limit for marijuana stores ultimately passed on June 13, 2023, by a vote of 805 to 354. *Id.* ¶ 29. A month later, Old Orchard Provisions filed the instant complaint, asserting that the size limit amendment "will have the effect of only allowing Beach Boys [Cannabis] to qualify for [the] adult use marijuana store license, and will prevent any other businesses from qualifying for [the] license, including [Old Orchard Provisions]." *Id.* ¶ 30. Old Orchard Provisions seeks a judgment declaring that the size limit amendment is unconstitutional and

constitutes illegal spot zoning. *Id.* ¶¶ 31-57.

## II. Legal Standard

Federal Rule of Civil Procedure 24 establishes two modes of intervention: intervention as of right and permissive intervention.

Under Rule 24(a), courts must allow intervention as of right by anyone who demonstrates "(1) the timeliness of her motion; (2) a concrete interest in the pending action; (3) a realistic threat that resolution of the pending action will hinder her ability to effectuate that interest; and (4) the absence of adequate representation by any existing party." *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 39 (1st Cir. 2020) (cleaned up).

By contrast, permissive intervention under Rule 24(b) gives courts broad discretion to "allow the intervention of any party who 'has a claim or defense that shares with the main action a common question of law or fact.'" *T-Mobile Ne. LLC*, 969 F.3d at 40 (quoting Fed. R. Civ. P. 24(b)(1)(B)). In considering whether to allow permissive intervention, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights" and may consider any other relevant factors. *Id.* (quoting Fed. R. Civ. P. 24(b)(3)).

## III. Discussion

### A. Intervention by Beach Boys Cannabis

Beach Boys Cannabis contends that it meets the Rule 24(a) criteria for intervention as of right because it is—as things stand right now—the only applicant eligible for the sole adult use marijuana store license. Motion at 5-6. It contends that

its current ideal position represents a direct and substantial interest in the subject matter of this litigation and that it will be unable to protect that interest if it is not allowed to intervene. *Id.* at 5-8. It also argues that the Town will not adequately represent its interests. *Id.* at 8-9.

Old Orchard Provisions, on the other hand, argues that Beach Boys Cannabis cannot meet all of the Rule 24(a) criteria. *See* Opposition (ECF No. 8) at 4-9. It contends that Beach Boys Cannabis's interest in the outcome of this litigation is overly contingent because it merely has an unrealized expectation of obtaining the sole license. *Id.* at 5-7. Moreover, it asserts that Beach Boys Cannabis's interest will not be affected by the outcome of this litigation because Beach Boys Cannabis can still apply for the license even if the size limit amendment is invalidated. *Id.* at 6-7. Finally, it argues that the Town will adequately represent Beach Boys Cannabis's interests because the Town intends to defend the legality of the size limit amendment. *Id.* at 8-9.

I will address each Rule 24(a) criteria in turn.

Up first is timeliness. Neither side has directly addressed the timeliness of Beach Boys Cannabis's motion to intervene; but given that the motion was filed a mere two weeks after the complaint, I have no trouble concluding that it is timely. *See R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 8 (1st Cir. 2009) ("A motion to intervene is timely if it is filed promptly after a person obtains actual or constructive notice that a pending case threatens to jeopardize his rights. . . . [T]here are no ironclad rules about just how [quickly], in terms of days or months, a

5

person must move to protect himself after he has acquired the requisite quantum of knowledge.").

Next is Rule 24(a)'s requirement that Beach Boys Cannabis possess an "interest relating to the property or transaction that is the subject of the action." Courts have declined to read Rule 24(a) narrowly "to require a specific piece of property or contract," but "clear outer boundaries have yet to be developed." *Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 110 (1st Cir. 1999). The "inherent imprecision" of Rule 24(a) "dictates that the rule should be applied with an eye toward the commonsense view of the overall litigation." *Ungar v. Arafat*, 634 F.3d 46, 51 (1st Cir. 2011) (cleaned up).

Old Orchard Provisions argues that Beach Boys Cannabis's interest is too contingent to satisfy Rule 24(a)'s interest requirement because Beach Boys Cannabis has not yet received the sole license to operate an adult use marijuana store and "the Town intends to reopen the application period for applicants to apply for the" license "sometime in August" 2023.[1] Opposition at 6; *see Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 205-06 (1st Cir. 1998) (concluding that an "unrealized expectancy" that depended on "numerous" variables was too contingent to satisfy Rule 24(a)'s interest requirement). It posits that who "will be awarded the license . . . is anybody's guess."

---

[1] It appears that the Town accepted new applications in September 2023. *See* Gillian Graham, *Old Orchard Beach Again Accepting Applications for Adult Recreational Marijuana Shop*, Portland Press Herald (Sept. 7, 2023), https://www.pressherald.com/2023/09/07/old-orchard-beach-again-accepting-applications-for-adult-recreational-marijuana-shop/ ("Town Planner Jeffrey Hinderliter said that the town waited until Sept. 11 to start accepting new applications so applicants would have time to adjust their proposals to the new standards, which restrict the town's only marijuana store to a building up to 1,000 square feet on a property no larger than a half-acre. The town will be accepting applications until Sept. 15.").

6

Opposition at 6 (cleaned up).

I am not persuaded by Old Orchard Provisions' arguments on this issue. There is nothing contingent about its allegation that the size limit amendment "*will* have the effect of *only* allowing Beach Boys [Cannabis] to qualify for an adult use marijuana store license[ ] and *will* prevent *any other* businesses from qualifying for a license." Complaint ¶ 30 (emphasis added). In such circumstances, there can be no doubt that Beach Boys Cannabis has a direct and concrete interest in the outcome of Old Orchard Provisions' lawsuit seeking to invalidate the size limit amendment. *See Ass'n to Pres. & Protect Loc. Livelihoods v. Town of Bar Harbor*, No. 1:22-cv-00416-LEW, 2023 WL 2273949, at *3 (D. Me. Feb. 28, 2023) (concluding that a resident and business owner had a "concrete, personal interest" sufficient to intervene and defend a town's ordinance limiting the number of disembarking cruise ship passengers where he had personal and commercial investments that were impacted by the influx of cruise ship passengers).

And even if another qualifying entity has come forward in the intervening time since this case began, Beach Boys Cannabis's interest in maintaining its competitive advantage under the size limit amendment is still concrete enough to satisfy Rule 24(a). *Cf. NPG, LLC v. City of Portland*, No. 2:20-cv-00208-NT, 2020 WL 4741913, at *6 (D. Me. Aug. 14, 2020) (concluding that plaintiffs "alleged a concrete injury" where they alleged that they faced a disadvantage "in obtaining a[n] [adult use marijuana store] license due to the City's points matrix"); *Daggett*, 172 F.3d at 109-10 (concluding that a group of intervenors had "a concrete stake in

7

the outcome" of a case challenging the validity of Maine's public campaign financing law even if it was not an absolute certainty that they would qualify for funding under the challenged law).

For these same reasons, I am convinced that Beach Boys Cannabis has satisfied the next requirement of Rule 24(a): that the disposition of this matter "may as a practical matter impair [its] ability to protect its interest." As the First Circuit has explained, "even a small threat" that Beach Boys Cannabis's interests could be jeopardized by the outcome of this case is "ample reason for finding that [its] ability to protect [its] interest may be adversely affected." *Cotter v. Mass. Ass'n of Minority Law Enf't Officers*, 219 F.3d 31, 35 (1st Cir. 2000).

That brings me to the final requirement of Rule 24(a): that Beach Boys Cannabis's interests must not be adequately represented by an existing party. "Ordinarily," this "is the most difficult issue in cases" where the intervenor "seeks to intervene as a defendant and the existing defendant is a governmental entity" because courts "start with a rebuttable presumption that the government will" adequately defend the matter. *Cotter*, 219 F.3d at 35. Only "a strong affirmative showing" will rebut the presumption. *Victim Rts. L. Ctr. v. Rosenfelt*, 988 F.3d 556, 561 (1st Cir. 2021).

Old Orchard Provisions argues that Beach Boys Cannabis cannot make such a showing. *See* Opposition at 8-9. It points out that even though "the Town Council chose not to adopt the" size limit amendment "and chose instead to schedule a referendum, the Town has taken the position that the" amendment "is constitutional

8

and has denied the allegations in the" complaint. *Id.* at 8.

Be that as it may, I agree with Beach Boys Cannabis that the Town's previous actions rebut the presumption that it will zealously defend the size limit amendment. *See* Motion at 8-9. Indeed, the Town Council's attempt to award the sole adult use marijuana store license before the referendum on the size limit amendment—an attempt that was thwarted by the state court injunction—is a strong affirmative showing that the Town's leadership disfavors the amendment and may not adequately represent Beach Boys Cannabis's interests. *See Ass'n to Pres. & Protect Loc. Livelihoods*, 2023 WL 2273949, at *3 (concluding that an intervenor rebutted the presumption that a town would adequately defend an ordinance limiting the number of disembarking cruise ship passengers where the town had a "history of boosterism for the cruise ship industry").

In summary, Beach Boys Cannabis has satisfied the four criteria for intervention as of right under Rule 24(a), and I therefore recommend that the Court grant its motion to intervene.

### B. Intervention by Rowell

Rowell seeks to intervene on the basis that she organized the petition drive that ultimately resulted in the referendum by collecting signatures in support of the size limit amendment and submitting the petition to the Town. *See* Motion at 5. She contends that these "efforts will have been pointless if the" size limit amendment "is invalidated." *Id.* at 5.

9

I am somewhat dubious that Rowell has sufficient interest in this lawsuit to intervene as of right under Rule 24(a), but she also seeks to permissively intervene under Rule 24(b). *See* Motion at 10. Having concluded that Beach Boys Cannabis has the right to intervene, I recommend that the Court exercise its discretion and permit Rowell to intervene. Rowell seeks to intervene to defend the legality of the size limit amendment, so she has a "defense that shares with the main action a common question of law." Fed. R. Civ. P. 24(b)(1)(B). And because she and Beach Boys Cannabis are essentially operating as a single litigant—they are represented by the same counsel, moved to intervene jointly, and propose filing a joint answer if allowed to intervene—her intervention in the case alongside Beach Boys Cannabis will not cause any undue delay or prejudice in adjudicating the original parties' rights.[2] *See* Fed. R. Civ. P. 24(b)(3).

## IV. Conclusion

For the foregoing reasons, I recommend that the Court **GRANT** Beach Boys Cannabis and Rowell's motion to intervene.

---

[2] Old Orchard Provisions asserts that Rowell must have independent Article III standing to intervene permissively as a defendant. Opposition at 9-10. But because Rowell is seeking to defend the size limit amendment like the Town, she need not demonstrate independent standing. *See Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367, 2379 n.6 (2020); *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 440 (2017); *Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1085 (9th Cir. 2022) ("Intervenors that seek relief that is broader than or different from the relief sought by existing parties to the case must possess constitutional standing, but intervenors that seek the same relief sought by at least one existing party to the case do not need to do so." (cleaned up)); *PrimeSource Bldg. Prods., Inc. v. United States*, 494 F. Supp. 3d 1307, 1320 (Ct. Int'l Trade 2021) (Baker, J., concurring) ("*Town of Chester*, as recently clarified by *Little Sisters of the Poor*, . . . definitively resolved the persistent circuit split . . . . Article III does not require a putative intervenor—whether as of right or permissive—to demonstrate independent constitutional standing, so long as it seeks the same relief as one of the parties to the case.").

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: December 11, 2023

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge